IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

ICORE NETWORKS, INC.,          )
                               )
    Plaintiff,                 )
                               )
        v.                     )      1:08cv748 (JCC)
                               )
MCQUADE BRENNAN LLP, et al.,   )
                               )
    Defendants.                )

**M E M O R A N D U M   O P I N I O N**

       This matter is before the Court on Defendant Brian
McQuade's Motion to Dismiss pursuant to Federal Rule of Civil
Procedure 12(b)(6).  For the following reasons, the Court will
grant the Motion to Dismiss and grant Plaintiff iCore's request
for leave to amend its Complaint.

### I. Background

       Plaintiff iCore Networks, Inc. ("iCore"), an internet
phone company, filed a Complaint against McQuade Brennan LLP
("McQuade Brennan"), an accounting firm, and a partner at McQuade
Brennan, Brian McQuade ("McQuade"; collectively, the
"Defendants").  The Complaint alleges that the Defendants failed
to provide adequate and proper accounting and other contracted-
for services.  The facts alleged are as follows.

       McQuade Brennan started work for iCore following
preliminary negotiations in mid-2006.  On November 1, 2006,

McQuade Brennan and iCore entered into a written contract (the "Agreement") signed on McQuade Brennan's behalf by Brian McQuade. The Agreement formalized the earlier negotiations, during which McQuade Brennan agreed to provide a variety of accounting and other financial services to iCore.  The Agreement, which was signed some months after McQuade Brennan actually began providing services to iCore, set a standard monthly fee of $20,000.  Brian McQuade assumed responsibility for the performance of McQuade Brennan required under the Agreement.

Around August 2006, McQuade Brennan began to embezzle funds from iCore by overcharging for services, charging for un-performed services, and forging and cashing company checks.  To conceal the embezzlement, an individual or individuals at McQuade Brennan created false invoices and made alterations on iCore's books and records.  iCore became aware of the scheme around February 18, 2008.  It notified Defendants of the problems and engaged a forensic accounting firm to investigate.  The forensic accounting firm uncovered the means by which money was embezzled, and also revealed that numerous other accounting functions were performed incorrectly.  To fix these problems, iCore hired a third accounting firm to restore its books and records.  McQuade Brennan, in its Answer, states that one William Rutledge carried out the embezzlement scheme, and that he acted alone and hid his criminal actions from McQuade Brennan.  Defendants subsequently

paid iCore approximately $457,000 in restitution.

In April 2008, iCore sent a demand letter to McQuade Brennan setting out its losses, damages, and expenses. iCore determined that its total losses substantially exceeded the amount of restitution paid. It claims that $566,279.28 in forged checks were written and cashed, that it paid at least $378,000 for the defective service rendered by McQuade Brennan, and that it has paid legal and accounting fees in excess of $390,000. It also claims harm to its business reputation and goodwill, as well as lost business opportunities (including an opportunity to sell the company). Defendants responded to iCore's demand letter in May, but largely refused to meet iCore's demands beyond the $457,000 they had previously paid in restitution.

iCore asserts five causes of action against McQuade Brennan: (I) breach of contract; (II) conversion; (III) fraud; (IV) professional malpractice; and (V) breach of fiduciary duty. The Complaint also names Brian McQuade as a defendant in Count IV (professional malpractice) and Count V (breach of fiduciary duty). iCore asks for numerous damages, including the amount of money lost through forged and cashed checks (less the amount already paid in restitution); the amount it paid McQuade Brennan in fees for services never rendered or rendered improperly; its related legal and accounting costs; at least $2,000,000 for damage to business reputation and lost opportunities; punitive

3

damages; and other costs and interest.

Alleging diversity jurisdiction, Plaintiff iCore filed the instant Complaint against McQuade Brennan and Brian McQuade on July 18, 2008.  Defendant McQuade Brennan filed its Answer on August 22.  On the same date, Defendant Brian McQuade filed a Motion to Dismiss for failure to state a claim.  The Motion to Dismiss is currently before this Court.

## II.  Standard of Review

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint, *see Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994) (citation omitted), and should be denied unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *De Sole v. United States*, 947 F.2d 1169, 1177 (4th Cir. 1991) (quotation and citations omitted); *see also Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

In deciding a motion to dismiss, "the material allegations of the complaint are taken as admitted."  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citation omitted).  Moreover, "the complaint is to be liberally construed in favor of plaintiff."  *Id.*  In addition, a motion to dismiss must be assessed in light of Rule 8's liberal pleading standards, which require only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8.

4

While Rule 8 does not require "detailed factual allegations," a plaintiff must still provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, __ U.S. ___, 127 S. Ct. 1955, 1964-65 (2007) (citation omitted).

### III. Analysis

The law of the District of Columbia governs McQuade's individual liability as a partner of the LLP.  A federal court sitting in diversity applies the substantive law of the forum state, including choice of law rules.  *Colgan Air, Inc. v. Raytheon Aircraft Co.*, 507 F.3d 270, 275 (4th Cir. 2007) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496-97 (1941)).  The Virginia choice of law rule for foreign limited liability partnerships provides that "the liability of partners for debts, obligations and liabilities charged to the partnership, shall be subject to and governed by the laws of the jurisdiction that govern the agreement under which [the LLP] was formed."  Va. Code Ann. § 50.73-141.  Because McQuade Brennan LLP was organized under the laws of the District of Columbia, *see* Compl. at ¶ 3 and Answer at ¶ 3, District of Columbia law governs McQuade's individual liability for partnership liabilities.

Defendant Brian McQuade moves to dismiss Counts IV (professional malpractice) and V (breach of fiduciary duty) of the Complaint, both of which assert claims against him in his

individual capacity.  McQuade argues that iCore has not alleged
sufficient facts to support its legal claims against him.  He
notes that the only relevant reference in the Complaint that
alleges individual action on his part appears in paragraph 9.
That paragraph alleges as follows:

> In mid-2006, following efforts by McQuade to obtain an
> engagement of McQuade Brennan by iCore, McQuade Brennan
> agreed to provide accounting and other related
> financial services to iCore and began at approximately
> that time to do so.  On November 1, 2006, iCore and
> McQuade Brennan formalized the arrangement for such
> services by entering into a written contract (the
> "Agreement") under which McQuade Brennan agreed to
> provide to iCore a variety of financial services in
> exchange for a standard monthly fee of $20,000.  *The
> Agreement was executed on McQuade Brennan's behalf by
> McQuade, and McQuade assumed responsibility for the
> performance of McQuade Brennan of the services required
> under the Agreement.*

Compl. at ¶ 9 (emphasis added).

Three other sections of the Complaint referencing
"Defendants" merit discussion.  Paragraph 13 of the Complaint
states that "[b]y virtue of the Agreement, Defendants had nearly
exclusive control over iCore's financial accounting and cash flow
management."  On its face, this presents a legal impossibility.
Even if McQuade did somehow "assume responsibility" for the
performance of the Agreement, the Agreement itself binds only the
LLP.  It could not give McQuade "exclusive control" over iCore's
accounting operations.  Paragraph 18, however, does assert a
number of factual errors and omissions on the part of
"Defendants."  Finally, paragraph 22 of the Complaint states

6

that, "as a direct and proximate result of Defendants' acts and omissions, iCore suffered material harm and damage to its business reputation and goodwill."

Plaintiff iCore states that the allegations in paragraph 9, together with iCore's other allegations regarding accounting failures and resulting damages, "give rise to reasonable, alternative inferences supporting [its] claims against McQuade." Mem. in Opp'n at 3. In the District of Columbia, professional malpractice has three elements: (1) employment; (2) neglect of a reasonable duty; and (3) that the negligence resulted in, and proximately caused, a loss. *See Niosi v. Aiello*, 69 A.2d 57, 60 (D.C. 1949) (attorney malpractice); *see also Macktal v. Garde*, 111 F. Supp. 2d 18, 21 (D.D.C. 2000); *Shapiro, Lifschitz & Schram, P.C. v. Hazard*, 24 F. Supp. 2d 66, 74-75 (stating the elements as: (1) duty to use such skill, prudence, and diligence as other members of the profession commonly possess and exercise; (2) breach of duty; (3) proximate causation; and (4) actual loss). To state claim for breach of fiduciary duty, the plaintiff must allege (1) that a party owed a fiduciary duty; (2) breach of that duty; (3) proximate cause; and (4) injury. *See Shapiro, Lifschitz & Schram*, 24 F. Supp. 2d at 75. We acknowledge that iCore has alleged a number of accounting lapses on the part of "Defendants" that potentially could serve as the basis for a breach of fiduciary duty claim or professional

malpractice claim.  *See* Compl. at ¶ 18.  The question is whether, in light of District of Columbia LLP law, iCore's Complaint properly alleges a *duty* on the part of McQuade, separate and apart from the duties of McQuade Brennan.  The only part of the Complaint that could be read to show a duty on McQuade's part appears in paragraph 9.  Thus, iCore's claims against McQuade in his individual capacity hinge on the adequacy of that paragraph – which alleges that McQuade "assumed responsibility" for the firm's performance of its Agreement – read in light of McQuade Brennan's alleged accounting failures.

iCore asserts that, because McQuade "assumed responsibility" for the LLP's performance, he is liable either for failing to discharge his personal responsibilities or, if he had no knowledge or notice of tortious acts, for failure to supervise.  Compl. at ¶ 9; Mem. in Opp'n at 3-4.

District of Columbia law shields partners from personal liability incurred by an LLP.  "An obligation of a partnership incurred while the partnership is a limited liability partnership, whether arising in contract, tort, or otherwise, is solely the obligation of the partnership."  D.C. Code § 33-103.06(c).  Thus, "[a] partner is not personally liable, directly or indirectly, by way of contribution or otherwise, for such an obligation solely by reason of being or so acting as a partner." *Id*.

Except for the allegations in paragraph 9, the Complaint alleges no specific conduct by McQuade that implicates a duty rendering him personally liable for McQuade Brennan's alleged torts. The only actions the Complaint alleges McQuade took that potentially go beyond the scope of "being or [] acting as a partner" are: (1) making efforts to obtain the business of iCore; (2) executing the contract with iCore on McQuade Brennan's behalf; and (3) "assum[ing] responsibility for the performance by McQuade Brennan of the services required under the Agreement." *Id.*; Compl. at ¶ 9. Neither pursuing a business opportunity nor executing a contract on behalf of an LLP could subject McQuade to personal liability under D.C. law; both actions are consummate examples of "acting as a partner." This leaves only the allegation that McQuade "assumed responsibility" for the LLP's performance. Compl. at ¶ 9.

Citing *Antonio v. Moore*, 174 Fed. Appx. 131 (4th Cir. 2006), McQuade argues that this allegation is conclusory, not factual, and that the Court cannot accept such an allegation as a substitute for facts. In *Antonio*, the appellate court upheld a district court's dismissal of a § 1983 action for failure to state a claim. The district court found an allegation that a warrant was issued "without probable cause" insufficient to support a claim for constitutional violations arising from the purportedly defective warrant. *Id*. at 132, 137. Likewise, in

9

*Trulock v. Freeh*, 275 F.3d 391 (4th Cir. 2001), the Fourth Circuit held that a plaintiff's allegations must go beyond the bare statement that he has a cognizable claim. *Trulock*, 275 F.3d at 405.  And in *Dolgaleva v. Virginia Beach City Public Schools*, 541 F. Supp. 2d 817 (E.D. Va. 2008), the district court refused to allow "[a] complaint wholly comprised of legal conclusions, without underlying factual support," to proceed. *Dolgaleva*, 541 F. Supp. 2d at 820.

A District of Columbia statute bars the extension of liability beyond the LLP entity to individual partners in the absence of some conduct by the partner outside of "being" or "acting" as partner.  D.C. Code § 33-103.06(c).  The statute requires more than the bare allegation that a member of an LLP owes a duty in his individual capacity; the default assumption is that the LLP alone owes the duty.  Thus, to further prosecute its claims of professional malpractice and breach of fiduciary duty against McQuade in his individual capacity, iCore must sufficiently allege that McQuade owed a duty to iCore the breach of which could subject him to individual liability.  It claims that by alleging that McQuade "assumed responsibility" for the LLP's performance of the Agreement, it has made such an allegation.  The Court disagrees.  Mindful of the duty to "liberally construe[]" the material allegations of the Complaint, which must be "taken as admitted," *Jenkins*, 395 U.S. at 421, this

10

Court finds that the phrase "assumed responsibility," as used in paragraph 9 of the Complaint, states a legal conclusion rather than a factual allegation that could lead a trier of fact to conclude that McQuade bears personal liability for what happened to iCore.

The bare statement that someone assumed responsibility for another's performance in a way that creates a legal duty skirts the ultimate issue.  The phrase itself is nebulous and conclusory.  The question is whether a person can be liable; the phrase "assumed responsibility" says, in effect, that the person might be liable.  Granted, the word "assumed" comes closer to stating a factual allegation than, for instance, an even more passive formulation like "bore responsibility."  But whether a person has assumed responsibility for another's legal obligation such that the person shares liability depends on what happened – what passed between the parties that created a legal duty?  If, for example, iCore can allege something McQuade said, or did, or abstained from doing, that could lead a trier of fact to conclude that he owed a duty in his individual capacity to perform or supervise the Agreement in a manner placing him outside the shield of District of Columbia LLP law, then iCore's claims against McQuade may survive a motion to dismiss.

In its Memorandum in Opposition to the motion before the Court, iCore requested leave to amend the Complaint if the

11

Court found its pleading insufficient.  Granting such a request
works no prejudice against Defendants, and so the Court will
dismiss iCore's claims against McQuade but grant iCore leave to
amend its Complaint.

### IV.  Conclusion

For these reasons, the Court will grant Defendant Brian
McQuade's Motion to Dismiss and grant Plaintiff iCore's request
for leave to amend its Complaint.


An appropriate Order will issue.



October 7, 2008                    _____/s/_____
Alexandria, Virginia                    James C. Cacheris
                         UNITED STATES DISTRICT COURT JUDGE